Díaz, Plaintiff and Appellee, v. Porto Rico Railway, Light & Power Co., Defendant and Appellant.

Appeal from the First District Court of San Juan in an Action for Damages.

No. 3094.—Decided May 31, 1924.

Appeal—Transcript of Evidence—Jurisdiction.—If the district court fails to rule on a motion in which the appellant asked for an extension of time for incorporating the evidence and also that a day be set for the re-examination of a witness because the stenographic notes of his testimony had been lost and the time for filing the transcript expires, the appeal should be dismissed, for the only court with power to open such a default is the appellate court.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz Nazario* for the appellant.

*Messrs. Rincón & Vizcarrondo* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This appeal is from an order refusing to grant a motion entitled "Motion requesting permission to file a statement of the case and bill of exceptions and to cancel the expiration of the term granted for such purpose."

The motion set forth a judgment on August 30, 1922, on appeal on the 29th of September and the concession of five individual extensions to file the proposed incorporation of the evidence. The last of these extensions was granted on

February 3, 1923. In obtaining several of the earlier extensions the appellant made no other disclosure than that the stenographer's notes had not been delivered. Subsequently however the ground for the extension was the fact that a book containing all or a part of the notes of the very important testimony of Adalberto Díaz Mor had been lost.

On the 14th of February, 1923, the appellee moved this court for a dismissal of the appeal and the motion was denied.

Pending the motion the appellant in time on March 7th, 1923, moved for another extension of 30 days and also asked in the same motion that a time be set for the re-examination of the witness Adalberto Díaz Mor.

Under these circumstances and due partly to the illness of counsel and partly due to the pendency of the motion for dismissal counsel or associate counsel believed that the court would grant the motion for a further examination, would fix a time therefor and would extend the time for the incorporation of the evidence. The court did none of these things and the time prayed for on March 7th expired on April 6th.

The court below was apparently under the impression that it had the power under section 140 of the Code of Civil Procedure to reopen the case and grant an extension, but declined to do so. The majority of the court has already decided in several cases and in a branch of this case that on appeal jurisdiction is transferred to this court. 32 P.R.R. 336. Under such transfer of jurisdiction the only court that has power to open a default in regard to an extension is this court, and section 140, *supra,* does not authorize the lower court to open up such a default. Our previous dismissal of this appeal as made final on July 26, 1923, *supra,* however, is in reality the law of this case and the appeal must be dismissed.

*Appeal dismissed.*

Justices Aldrey and Franco Soto concurred.

Mr. Chief Justice Del Toro concurred in the judgment.

Mr. Justice Hutchison dissented.